MILBURN (CANNELL v.). See Case No. 2,-384.

MILBURN (THECKER v.). See Case No. 13,-876.

MILBURN (UNITED STATES v.). See Cases Nos. 15,764–15,768.

---

## Case No. 9,542.

### MILBURNE v. BYRNE.

[1 Cranch, C. C. 239.] [1]

Circuit Court, District of Columbia. June Term, 1805.

MASTER AND SERVANT—ACTION FOR ENTICING—EVIDENCE — DECLARATIONS OF SERVANT — CONSIDERATION—PRIMA FACIE CASE.

1. An averment that John Leonard, "for a certain price," agreed to serve the plaintiff, is supported by evidence that John Leonard, in consideration of eight guineas paid by the plaintiff to a third person, agreed to serve the plaintiff.

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. In an action for enticing a servant, the declarations of the servant cannot be given in evidence.

3. A contract made in this country does not create such a relation of master and servant as will authorize a justice of the peace to compel a specific service, and to inflict stripes for disobedience, under the law of the 26th of December, 1792, c. 132; but may give the master such a right to the service as will enable him to recover damages for enticing away the servant; and employment is prima facie evidence of enticement.

[Cited in Duckett v. Pool, 33 S. C. 238, 11 S. E. 690.]

Case for enticing a servant. The plaintiff's declaration stated that John Leonard, (the servant,) for a certain price agreed to serve the plaintiff for eight months. The plaintiff produced an indenture by which, in consideration of eight guineas paid by the plaintiff to Alexander Smith, Leonard agreed to serve the plaintiff for eight months.

Mr. Taylor, for defendant, objected that the proof varied from the declaration. The declaration means a certain price to be paid, and not a price paid; it means paid to Leonard and not to Smith.

But THE COURT (KILTY, Chief Judge, absent) overruled the objection, and said there was no variance. The court refused to admit the declarations of the servant to be given in evidence.

E. J. Lee, for plaintiff, moved the court to instruct the jury that the indenture constitutes the relation of master and servant, so as to make it actionable to entice away the servant; and also so as to come within the act of assembly of Virginia, which authorizes a justice of the peace to compel a specific service, and to whip the servant for running away. It is a contract to serve, made in a foreign country. He came into the country "under contract to serve another," as expressed in the act of assembly of Virginia (chapter 132, p. 247).

Mr. Swan, contrà. If there was a contract in Ireland, it is not the contract on which this action is brought. The contract with the plaintiff was made in this country.

THE COURT (FITZHUGH, Circuit Judge, absent) was of opinion that the indenture being executed here, the servant was not such a servant as is described in the Virginia Laws (chapter 132), and therefore the whipping by the order of the justice was illegal; but still it was such a contract for service as would maintain this action if Leonard was enticed away by the defendant.

Mr. Lee then prayed the court to instruct the jury, that if Leonard had deserted the service of Milburne, and if the defendant, knowing that fact, employed and harbored Leonard, it is sufficient evidence to the jury that the defendant enticed Leonard away. Esp. N. P. 646; Fawcet v. Beavres, 2 Lev. 63.

Mr. Taylor, contrà, cited Blake v. Lanyon, 6 Term R. 221, and contended that the employment of the servant, by the defendant, was not evidence of enticing, although the defend-ant knew that the servant had left his master.

THE COURT was of opinion that it was presumptive evidence against the defendant, from which the jury might infer that he enticed the servant away.